UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONGSUI LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LECOCOLOVE LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-02806-DMR<br><br>**ORDER ON PENDING MOTIONS**<br>Re: Dkt. Nos. 17, 18, 23, 33, 38, 42 |

The parties filed five motions and an administrative motion to strike. The motions are set for hearing on August 12, 2021. [Docket Nos. 17, 18, 23, 33, 38, 42.] As set forth below, the parties have unnecessarily complicated the court's review of the motions as well as its ability to manage the docket. This order attempts to unclog the mess.

Plaintiffs' complaint alleges one federal claim for trademark infringement and seven state law claims. Defendants move to dismiss six of the state law claims for lack of subject matter jurisdiction, arguing that the court should decline to exercise supplemental jurisdiction over them. [Docket No. 33.] Defendants also filed an answer in which they assert an affirmative defense and three counterclaims. [Docket No. 15.] They do not challenge the adequacy of Plaintiffs' claims. *See id*. For their part, Plaintiffs filed motions to strike the affirmative defense and dismiss the counterclaims. [Docket Nos. 17, 18.]

Inexplicably, after Plaintiffs filed their opposition to Defendants' motion to dismiss (Docket No. 37), Plaintiffs' counsel filed a declaration in which he states that "Plaintiffs have strong reasons to believe that, for diversity jurisdiction purpose[s], Defendants are citizens of China," and represents that this court likely has diversity jurisdiction over all of Plaintiffs' claims. [Docket No. 45 (Liu Decl., July 23, 2021) ¶¶ 3-5.] It is not clear why Plaintiffs did not include this information with their opposition to the motion to dismiss. This newly-stated position impacts

Defendants' motion to dismiss for lack of subject matter jurisdiction. It also impacts Plaintiffs' motion for judgment on the pleadings (Docket No. 23), because Defendants oppose that motion by stating that the court should first resolve the jurisdictional question before considering the motion for judgment on the pleadings. [*See* Docket No. 34 at 2.]

Additionally, in Plaintiffs' motion to dismiss, they argue that the counterclaims are grounded in fraud but do not satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Defendants' three-page, barebones opposition is confusing and unhelpful since they suggest that some or all of their claims do not rest on fraud but refuse to take a clear position on this. For example, they argue that their claim for tortious breach of contract "turns on . . . one of the first two fraud related elements *or* the third non-fraud related claim" (without citing any authority for the elements of the claim) but do not state which of the three elements their claim is based on. [Docket No. 26 at 2 (emphasis added).] Further, they allege a claim under California's Unfair Competition Law ("UCL"), which prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Defendants do not clarify which of these three prongs forms the basis for their UCL claim. As a result, the court does not have sufficient information to evaluate the merits of Plaintiffs' motion to dismiss.

Given the parties' chaotic submissions, the court orders the following: by no later than August 18, 2021, Plaintiffs shall file an amended complaint that **solely** adds allegations supporting the existence of diversity jurisdiction under 28 U.S.C. § 1332 and makes no other changes.[1]

---

[1] In relevant part, 28 U.S.C. § 1332 provides that parties are diverse when they are "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1), (2). Parties are diverse only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). To the extent that Plaintiffs claim that jurisdiction is proper under 28 U.S.C. § 1332(a)(2), that subsection requires an action to be between "citizens of a State and citizens or subjects of a foreign state." Therefore, any amended complaint alleging diversity jurisdiction must allege the actual citizenship of each party, including Plaintiffs. "A limited liability company is a citizen of every state in which its owners are citizens." *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 942 (S.D. Cal. 2007) (citing *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

Defendants have already conceded that Plaintiffs' current claims are sufficiently pleaded; they only raised a jurisdictional challenge to the original complaint. This order imposes a controlled approach to amending the complaint that allows Plaintiffs to plead diversity jurisdiction but prevents the case from swerving off in another direction, at least for now. This order is not intended to bar Plaintiffs from seeking further amendment at a later time.

If Defendants have jurisdictional challenges to Plaintiffs' amended complaint, they must file a Federal Rule of Civil Procedure 12(b)(1) motion within the time limits set by that rule. If Defendants do not challenge subject matter jurisdiction for the amended complaint, they must file a timely answer along with any affirmative defenses and counterclaims. To the extent that any counterclaims are grounded in fraud, **the counterclaims must so state and must be pleaded with particularity** pursuant to Rule 9(b).

Defendants' motion to dismiss and Plaintiffs' motion for judgment on the pleadings are each denied without prejudice pending the filing of an amended complaint. Plaintiffs' motion to strike Defendants' affirmative defense and motion to dismiss the counterclaims are also denied without prejudice. Plaintiffs may re-file their motions to strike and to dismiss after any jurisdictional challenge is resolved and Defendants file an answer to the amended complaint.

Finally, Plaintiffs moved to strike Defendant Lan Zou's declaration in support of Defendants' motion to dismiss along with the corresponding portions of Defendants' motion to dismiss based on Defendants' purported failure to comply with Civil Local Rule 7-5. [Docket No. 38.] This motion is essentially an objection to the evidence submitted with Defendants' motion to dismiss. It is improper and untimely under Civil Local Rule 7-3(a), which requires that "[a]ny evidentiary and procedural objections to [a] motion must be contained within the brief or memorandum" in opposition. Moreover, Plaintiffs' motion created a domino cascade of five

---

A natural person's state citizenship is determined based on their United States citizenship and their domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

*additional* filings (Docket Nos. 39, 40, 41, 42, 43), none of which contribute to the "just, speedy, and inexpensive determination" of this matter. *See* Fed. R. Civ. P. 1. The motion to strike is denied, as is Plaintiffs' administrative motion to strike Defendants' "unauthorized surreply" to Plaintiffs' motion to strike. [Docket No. 42.]

To date, both sides' submissions have been largely unhelpful and have unnecessarily consumed judicial resources. Going forward, the court expects the parties to familiarize themselves with all applicable rules and strictly comply with them. The August 12, 2021 case management conference is CONTINUED to November 3, 2021 at 1:30. The parties shall file a joint case management conference statement by October 27, 2021.

**IT IS SO ORDERED.**

Dated: August 4, 2021



Donna M. Ryu
United States Magistrate Judge