UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONGSUI LLC, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>LECOCOLOVE LLC, et al.,<br><br>      Defendants. | Case No. 21-cv-02806-DMR<br><br>**ORDER DENYING ENTRY OF DEFAULT AND RULING ON PENDING MOTIONS**<br><br>Re: Dkt. Nos. 48, 50, 51, 52 |

On August 4, 2021, the court issued an order on six outstanding motions, including Defendants' motion to dismiss for lack of subject matter jurisdiction. [Docket No. 46 (Aug. 4, 2021 Order).] The court described the parties' filings as "chaotic" and noted that they had "unnecessarily complicated the court's review of the motions as well as its ability to manage the docket." *Id*. at 1, 2. In relevant part, in response to Defendants' motion to dismiss, Plaintiffs' counsel filed a declaration in which he represented that this court likely has diversity jurisdiction over this matter. As a result, the court ordered Plaintiffs to file an amended complaint by no later than August 18, 2021 that solely adds allegations supporting the existence of diversity jurisdiction. *Id*. at 2. The court also ordered Defendants to file either an answer to the amended complaint or a Federal Rule of Civil Procedure 12(b)(1) motion challenging Plaintiffs' amended complaint within the time limits set by that rule. *Id*. at 3.

Plaintiffs filed an amended complaint on ECF on August 5, 2021. [Docket No. 47.] The amended complaint was properly served on defense counsel via ECF. *See* Fed. R. Civ. P. 5(a), 5(b)(1) (providing that service of "a pleading filed after the original complaint . . . must be made on the attorney unless the court orders service on the party"); Civ. L.R. 5-1(h)(1) (describing service of electronically filed documents). Therefore, pursuant to Rule 15(a)(3), Defendants' responsive pleading was due "within 14 days after service of the amended pleading," which was

August 19, 2021.  Defendants did not file a responsive pleading by that deadline, apparently because counsel erroneously believed that Plaintiffs were required to serve the Defendants themselves, instead of defense counsel.  [Docket No. 49.]  This led to another cascade of filings that have again clogged the docket and unnecessarily consumed judicial resources.  [Docket Nos. 50-54.]

The Ninth Circuit has instructed that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  Accordingly, Plaintiffs' motion for entry of Defendants' default is denied.  [Docket No. 48.]  Plaintiffs' "administrative motion" to compel Defendants to file an answer or to enter their default, which was filed only one day after moving for entry of default, is denied as moot.  [Docket No. 50.]  Defendants are admonished to comply with all court-ordered deadlines.

As the court previously noted, Defendants raised only a jurisdictional challenge to the original complaint and thus conceded that Plaintiffs' original claims were sufficiently pleaded.  Aug. 4, 2021 Order at 3.  Therefore, the sole remaining basis for Defendants to challenge the amended complaint is jurisdictional.  *See id*. (ordering Defendants to file a Rule 12(b)(1) motion if they "have jurisdictional challenges to Plaintiffs' amended complaint").  **Defendants shall file a Rule 12(b)(1) motion challenging Plaintiffs' amended complaint or an answer to the amended complaint along with any affirmative defenses and counterclaims by no later than September 29, 2021.  Any motion must comply with Civil Local Rule 7-2 and must cite applicable authority for the relief sought.**

Defendants' "Motion for a 14-day limited jurisdictional discovery and to file a responsive pleading thereafter," which was filed without any factual or legal support whatsoever, is denied.  [Docket No. 51.]  Plaintiffs' "administrative motion" to strike Defendants' motion for jurisdictional discovery and for sanctions is denied.  [Docket No. 52.]

The court reiterates that it expects the parties to familiarize themselves with all applicable rules, including the Federal Rules of Civil Procedure and the Civil Local Rules, and strictly comply with them.  Additionally, the parties shall refrain from filing unnecessary Local Rule 7-11

motions for administrative relief. For example, if a party opposes the other side's request for relief, that party shall simply file an opposition to the request, rather than filing a motion for administrative relief seeking to strike the earlier submission. To the extent a party believes that a motion for administrative relief is necessary and appropriate, that party must comply with Local Rule 7-11, including submitting "either a stipulation under Civil [Local Rule] 7-12 or by a declaration that explains why a stipulation could not be obtained." Civ. L.R. 7-11(a).

Going forward, any party that fails to comply with this or any other order may be subject to sanctions.

**IT IS SO ORDERED.**

Dated: September 22, 2021



Judge Donna M. Ryu
United States Magistrate Judge

3