UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONGSUI LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LECOCOLOVE LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-02806-DMR<br><br>**ORDER ON PLAINTIFFS' MOTIONS FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE AFFIRMATIVE DEFENSE**<br><br>Re: Dkt. Nos. 63, 64 |

Plaintiffs Tongsui LLC, formerly known as Lecoco LLC, and Zijing Wang filed a First Amended Complaint ("FAC") against Defendants LecocoLove LLC and Lan Zou alleging eight claims for relief. [Docket No. 47.] Defendants filed an answer and asserted the affirmative defense of estoppel. [Docket No. 62.] Plaintiffs now move pursuant to Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings as to their claims for assault and battery. [Docket No. 63.] Plaintiffs also move to strike Defendants' affirmative defense. [Docket No. 64.] These motions are suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion for judgment on the pleadings is denied. The motion to strike is denied.

## I.  BACKGROUND AND PROCEDURAL HISTORY

The FAC contains the following allegations, which must be taken as true solely for purposes of this motion.[1] Plaintiff Wang is a culinary professional. In January 2020, Wang founded Lecoco LLC ("Lecoco," now known as Tongsui LLC) to make and sell "variety flavored coconut jelly" desserts using recipes Wang created. FAC ¶¶ 10, 11. At some point, Defendant Zou became a "co-founder" of Lecoco. *See id*. at ¶¶ 1, 32. Lecoco began using the "LE COCO

---

[1] Judgment on the pleadings "is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *San Francisco Taxi Coal. v. City & Cty. of San Francisco*, 979 F.3d 1220, 1223 (9th Cir. 2020) (quotation marks and citation omitted).

mark" on its desserts starting in February 2020. *Id*. at ¶¶ 35, 40.

Due to "vast differences regarding how to run a food business," Wang and Zou decided to separate. Zou sold her interest in Lecoco to Wang in April 2020 for $10,000. *Id*. at ¶¶ 12, 47, 54. Plaintiffs allege that by this time, Zou had "already secretly registered a company with a confusingly similar name: LecocoLove LLC" and used Lecoco's funds to apply for three trademarks for her company. *Id*. at ¶¶ 48-51. Zou allegedly stole Wang's "secret recipe book" and other Lecoco assets and began counterfeiting Plaintiffs' products and selling them under Plaintiffs' LE COCO mark. *Id*. at ¶¶ 56-58.

Plaintiffs further allege that after Wang asked Zou to return Lecoco's assets, Zou went to Wang's workplace along with three other individuals where "Zou repeatedly struck Ms. Wang's chest and shoulder areas with a loaded handbag and a heavy file folder and threatened Ms. Wang that they would beat her again" if she continued to complain about Zou's trademark infringement and embezzlement. *Id*. at ¶ 66. Wang obtained a civil harassment restraining order against Zou from Santa Clara County Superior Court on August 11, 2020. *Id*. at ¶ 69, Ex. G.[2]

Plaintiffs filed this action on April 19, 2021. Defendants filed an answer on May 20, 2021, and the parties subsequently filed a flurry of six poorly conceived motions, including Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and Plaintiffs' motions to strike and to dismiss Defendants' affirmative defense and counterclaims and motion for judgment on the pleadings. On August 4, 2021, the court granted Plaintiffs leave to file an amended complaint adding allegations supporting the existence of diversity jurisdiction under 28 U.S.C. § 1332 and denied Defendants' motion to dismiss and Plaintiffs' motions for judgment on the pleadings, to strike, and to dismiss, all without prejudice. [Docket No. 46.]

Plaintiffs timely filed the FAC on August 5, 2021. They allege the following claims: 1) trademark infringement; 2) conversion; 3) embezzlement; 4) violation of California Business & Professions Code section 17200 et seq.; 5) battery; 6) assault; 7) intentional infliction of emotional distress; and 8) negligent infliction of emotional distress. Defendants failed to timely respond to

---

[2] Plaintiffs characterize the order as a "permanent restraining order," FAC ¶ 69, but the Civil Harassment Restraining Order states that it expired on August 11, 2021. FAC Ex. G at ECF p. 61.

the FAC. Another cascade of filings followed, including Plaintiffs' motion for entry of Defendants' default. [*See* Docket Nos. 50-54, 56.] On September 22, 2021, the court denied Plaintiffs' motion for entry of default and other motions and ordered Defendants to either file a Rule 12(b)(1) jurisdictional challenge to the FAC[3] or to answer the FAC by September 29, 2021. [Docket No. 56.]

Defendants timely filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. They later withdrew the motion and filed an answer, along with counterclaims and a single affirmative defense. [Docket No. 62 (Answer).]

Plaintiffs now move for partial judgment on the pleadings, arguing that they are entitled to judgment in their favor on their claims for battery and assault. They also move to strike Defendants' affirmative defense of estoppel.

## II.  MOTION FOR JUDGMENT ON THE PLEADINGS

### A.  Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The court must construe all factual allegations "in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

"Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Accordingly, the court "court must assess whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Chavez*, 683 F.3d at 1108 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[3] Defendants had previously raised only a jurisdictional challenge to the original complaint and conceded that Plaintiffs' original claims were sufficiently pleaded. Therefore, as the court noted in its September 22, 2021 Order, the sole basis to challenge Plaintiffs' FAC was jurisdictional. [Docket No. 56 at 2.]

(2009)). "Mere conclusory statements in a complaint and 'formulaic recitations of the elements of a cause of action' are not sufficient." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. Discussion

Plaintiffs move for judgment on their claims for battery and assault on the basis of res judicata. They contend that the battery and assault claims alleged in the FAC against Zou are based on the same facts asserted in Wang's request for a civil harassment restraining order filed in state court against Zou. *See* FAC Ex. G at ECF pp. 67-74 (Wang's Apr. 27, 2020 Request for Civil Harassment Restraining Orders). Specifically, in her request for a civil harassment restraining order, Wang alleged that on April 23, 2020, Zou threatened her with violence and "repeatedly bashed [Wang] . . . with her loaded handbag and a heavy file folder." *Id.* at ECF p. 73-74. Wang's battery and assault claims in the FAC are based on the same April 23, 2020 incident. *See* FAC ¶ 66. Noting that Santa Clara County Superior Court issued a Civil Harassment Restraining Order barring certain conduct by Zou with respect to Wang, Plaintiffs state that Wang obtained "[a] final court judgment . . . on the merit[s] after a full evidentiary hearing" in her favor against Zou. Mot. for J. on the Pleadings 1; FAC Ex. G at ECF pp. 61-66 (Aug. 11, 2020 Civil Harassment Restraining Order After Hearing). Therefore, they argue, the doctrine of res judicata mandates a judgment in Wang's favor on the battery and assault claims in this action.

Federal courts must "apply the res judicata rules of a particular state to judgments issued by courts of that state." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). Accordingly, the court applies California law. Res judicata or claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). It also "bars claims that could have been raised in the first proceeding." *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1164 (2016). "Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings*, 61 Cal. 4th at 824. The "fundamental policy" of applying res

4

judicata to final judgments on the merits "gives stability to judgments after the parties have had a fair opportunity to litigate their claims and defenses.'" *Ass'n of Irritated Residents v. Dep't of Conservation*, 11 Cal. App. 5th 1202, 1219 (2017) (quoting 7 Witkin, Cal. Proc. 5th Judgm. § 370)).

As an initial matter, Plaintiffs offer no authority supporting the application of res judicata in these circumstances, where they seek to use a court order in a previous action to obtain judgment in their favor in a subsequent action on what they contend are the same claims. Under California law, "if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896-97 (2002) (after plaintiff obtained declaratory relief and an order for specific performance of a license agreement, res judicata barred a second action seeking damages based on breach of the same license agreement).

Moreover, Plaintiffs have not shown that they have satisfied the requirements for claim preclusion. Claim preclusion requires "a final judgment on the merits in the first suit." "A judgment is on the merits for purposes of res judicata 'if the substance of the claim is tried and determined . . .'" *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000) (quoting 7 Witkin, Cal. Proc. 4th Judgm. § 313) (ellipses in original). Plaintiffs do not cite any authority that a civil harassment restraining order constitutes a "final judgment on the merits" as to any of the issues raised in that proceeding. Plaintiffs do not point to anything in the August 11, 2020 Civil Harassment Restraining Order court that constitutes a determination that Zou battered or assaulted Wang, nor does the order set forth any factual findings. As the party asserting claim preclusion, Plaintiffs "bear[ ] the burden of proving that the requirements of the doctrine are satisfied." *State Comp. Ins. Fund v. ReadyLink Healthcare, Inc.*, 50 Cal. App. 5th 422, 448 (2020). As Plaintiffs have failed to do so, their motion for partial judgment on the pleadings is denied.

### III.   MOTION TO STRIKE

Defendants assert the affirmative defense of estoppel. According to Defendants, "Plaintiffs are estopped from alleging the trademark infringement claim as Plaintiffs agreed that Lan Zou had the ownership of the 'Lecoco' trademark. Yet, Plaintiffs applied for the trademark

without Lan Zou's consent." Answer ¶ 143. Defendants cite Exhibit 1 to the Answer, which is an unsigned seven-page document entitled, "Membership Interest Purchase Agreement." Plaintiffs move to strike Defendants' affirmative defense on the grounds that it "is implausibly pled under Rules 8(a) and 9(b)." Mot. to Strike 6. Although Plaintiffs do not address the authority for the relief they request or discuss the relevant legal standards applicable to their motion, they appear to move to strike the estoppel defense pursuant to Rule 12(f).

### A. Legal Standards

#### 1. Motion to Strike

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" when it "has no essential or important relationship to the claim for relief or the defenses being pleaded, while '[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial, and such a motion may be appropriate where it will streamline the ultimate resolution of the action. *Fantasy*, 984 F.2d at 1527-28. "A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Lee v. Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal. 2019) (citing *Fantasy*, 984 F.2d at 1528). "Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). "The grounds for a motion to strike must appear on the face of the pleading under attack," and "the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014) (citations omitted).

#### 2. Pleading Standard for Affirmative Defenses

Rule 8(a) requires a party responding to a pleading to "state in short and plain terms its

6

1    defenses to each claim asserted against it" and to "affirmatively state any avoidance or affirmative
2    defense, including . . . estoppel." Fed. R. Civ. P. 8(b)(1)(A), (c).  Although the Ninth Circuit has
3    not spoken directly on pleading standards for affirmative defenses, "the majority of courts in [the
4    Northern District of California] have held that the heightened pleading standard of *Twombly* and
5    *Iqbal* . . . is now the correct standard to apply to affirmative defenses." *Pertz v. Heartland Realty*
6    *Inv'rs, Inc.*, No. 19-cv-06330-CRB, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020).  Defendants
7    agree that the *Twombly*/*Iqbal* pleading standard applies to affirmative defenses.  *See* Opp'n 1.

8    Under the *Twombly* and *Iqbal* pleading standard, a defendant must provide "some valid
9    factual basis for pleading an affirmative defense," which will "serve to weed out the boilerplate
10   listing of affirmative defenses which is commonplace in most defendants' pleadings where many
11   of the defenses alleged are irrelevant to the claims asserted." *Barnes v. AT&T Pension Ben. Plan-*
12   *Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).  "The key to determining
13   the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the
14   defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citations omitted).  "Just
15   as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the
16   line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses
17   must put a plaintiff on notice of the underlying factual bases of the defense." *Hernandez v. Cty. of*
18   *Monterey*, 306 F.R.D. 279, 284 (N.D. Cal. 2015).

19   **B.    Discussion**

20   Estoppel focuses on "the effects of [a party's] conduct on another.  Estoppel arises only
21   when a party's conduct misleads another to believe that a right will not be enforced and causes
22   him to act to his detriment in reliance upon this belief." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp.
23   3d 943, 958 (N.D. Cal. 2015) (quotation marks and citation omitted).

24   Defendants argue that they have adequately alleged estoppel, citing *United States v. Acad.*
25   *Mortg. Corp.*, No. 16-CV-02120-EMC, 2020 WL 7056017, at *3 (N.D. Cal. Dec. 2, 2020).  Opp'n
26   2.  In that case, the court held that there are four elements of an estoppel defense:

27            (1) The party to be estopped must know the facts; (2) he must intend
              that his conduct shall be acted on or must so act that the party asserting
28            the estoppel has a right to believe it is so intended; (3) the latter must

7

1    be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

2  *Id*. (emphasis removed) (quoting *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th

3  Cir. 1960)); *accord Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998) (setting forth

4  the elements of equitable estoppel).

5    As noted, Defendants allege that "Plaintiffs are estopped from alleging the trademark

6  infringement claim as Plaintiffs agreed that Lan Zou had the ownership of the 'Lecoco' trademark.

7  Yet, Plaintiffs applied for the trademark without Lan Zou's consent." Answer ¶ 143. While not a

8  model of clarity, these allegations are sufficient to give Plaintiffs "fair notice" of the defense, since

9  they support plausible inferences that 1) Plaintiffs knew the relevant facts; i.e., that they agreed

10 that Zou owned the trademark at issue; 2) by agreeing that Zou owned the trademark, Plaintiffs

11 acted in a way that Defendants "had a reasonable right to act in reliance thereon," *see United*

12 *States v. Georgia-Pac. Co.*, 421 F.2d 92, 98 (9th Cir. 1970) (discussing second element of

13 equitable estoppel); 3) Defendants were ignorant of the true facts; that is, that Plaintiffs' position

14 was that they, rather than Zou, owned the trademark; and 4) Defendants relied on Plaintiffs'

15 conduct to their injury. Plaintiffs dispute Defendants' allegation that they "transferred" the

16 trademark to Zou, *see* Mot. 8-9, but their argument raises factual questions that are not appropriate

17 for resolution at the pleading stage. Accordingly, Plaintiffs' motion to strike Defendants' estoppel

18 defense is denied.[4]

19 //

20 //

21 //

22

---

23 [4] Plaintiffs also argue that Defendants must satisfy the heightened pleading standards of Rule 9(b) in alleging estoppel. Mot. 7; *see, e.g., Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 940 (N.D. Cal. 2012) (noting that Rule 9(b) "likely" applies to plaintiff's equitable estoppel claim based on fraud). Defendants dispute that Rule 9(b) applies to their affirmative defense, arguing that the cases Plaintiffs cited are distinguishable because they were patent cases. Opp'n 3 (discussing *Barnes & Noble*, 849 F. Supp. 2d at 940, and *Seaboard Int'l, Inc. v. Cameron Int'l Corp.*, No. 1:13-CV-00281-MLH-SK, 2013 WL 3936889, at *7 (E.D. Cal. July 30, 2013)). Plaintiffs did not file a reply brief and thus did not respond to Defendants' argument or otherwise explain how Defendants' affirmative defense is subject to the requirements of Rule 9(b). Accordingly, the court denies Plaintiffs' motion to strike the affirmative defense on this ground.

United States District Court
Northern District of California

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for judgment on the pleadings and motion to strike are denied.

**IT IS SO ORDERED.**

Dated: February 23, 2022



Donna M. Ryu
United States Magistrate Judge